**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------
**UNITED STATES OF AMERICA,**

          **- against -**                          **09 CR 1153 (MEA)**

**CLOVER A. PEREZ,**

          **Defendant.**
-----------------------------------------------------------
## MEMORANDUM OPINION AND ORDER

**MARVIN E. ASPEN**, United States District Judge:

Defendant Clover A. Perez faces several criminal counts stemming from her operation of an immigration services business.  Count One alleges that Perez committed mail fraud in the process of swindling clients out of thousands of dollars, which she induced them to pay by lying to them about their eligibility for immigration benefits.  Count Two alleges that Perez made false statements to the United States Bureau of Citizenship and Immigration Services by knowingly presenting untrue applications, affidavits and other documents on behalf of her clients.  Count Three alleges that Perez failed to disclose her role in preparing baseless applications seeking lawful United States resident status.[1]  Presently before us are two motions *in limine* relevant to these counts: (1) the Government's motion to preclude "good acts" evidence proposed by Defendant; and (2) Defendant's motion to limit the Government's use of evidence of Defendant's prior conviction for nearly identical conduct.  For the reasons set forth below, we grant the Government's motion and deny Defendant's motion.

## STANDARD

"A district court's inherent authority to manage the course of its trials encompasses the

---

[1] Counts Four and Five, concerning bank fraud allegations, are not relevant to the pending motions.

right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d

173, 176-77 (S.D.N.Y. 2008) (*citing Luce v. Unites States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460,

463 (1984)).  "The purpose of an *in limine* motion is to aid the trial process by enabling the

[c]ourt to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that

are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v.*

*Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation omitted); *see also Ventura Assocs.,*

*Inc. v. Int'l Outsourcing Servs., Inc.*, No. 04-C-5962 & 04-C-10250, 2009 WL 691066, at *1

(S.D.N.Y. Mar. 17, 2009).  Because a ruling on a motion *in limine* is "subject to change as the

case unfolds," this ruling constitutes a preliminary determination in preparation for trial.

*Palmieri*, 88 F.3d at 139 (*quoting Luce*, 469 U.S. at 41, 105 S. Ct. at 163).

## DISCUSSION

### A.      Government's Motion *in Limine*

In its motion, the Government contends that Defendant should not be permitted to

introduce evidence that she prepared truthful applications and/or accurately advised certain

clients about their ineligibility for immigration benefits.[2]  (Gov't Mot. at 2.)  According to the

Government, Defendant intends to proffer several witnesses and a recording to show that she

provided accurate information to some of her clients and refused to help one individual falsify an

application.  (*Id.*)

---

[2] Defendant did not respond to the Government's motion.  This failure alone constitutes a
sufficient basis for granting the Government's motion.  See L.R. 7.1(a) ("Willful failure to comply
with this rule may be deemed sufficient cause for the . . . granting of a motion by default."); *Kamara
v. U.S.*, No. No. 04 C 626, 2005 WL 2298176, at *1 (S.D.N.Y. Sept. 20, 2005); *Loew v. Kolb*, No.
03 C 5064, 2003 WL 22271221, at *2 (S.D.N.Y. Sept. 30, 2003).  "Nevertheless, because the motion
involves evidentiary issues on which the law is straightforward, in the interests of justice," we will
also address the merits of the motion.  *Kamara*, 2005 WL 2298176, at *1.

In a strikingly similar case, the Second Circuit upheld the district court's exclusion of such "good acts" evidence as proposed here. *U.S. v. Walker*, 191 F.3d 326, 336 (2d Cir. 1999). The *Walker* defendants were accused, like Defendant, of mail fraud and making false statements in connection with an immigration services business. *Id.* (describing the actions of the lawyer and interpreter convicted of falsifying asylum applications). One of the defendants sought to introduce evidence that he had prepared truthful asylum applications as a means of disproving his alleged fraudulent intent. *Id.* In affirming the district court's rejection of this evidence, the Second Circuit explained that whether the defendant "had prepared other, non-fraudulent applications was simply irrelevant to whether the applications charged as false statements were fraudulent." *Id.*; *U.S. v. Scarpa*, 897 F.2d 63 (2d Cir. 1990) ("A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions."); *see also U.S. v. Boykoff*, 67 Fed. Appx. 15, 20–21 (2d Cir. 2003) ("[E]vidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant.") (citation omitted). Pursuant to this authority, and for the reasons set forth by the Goverment in its brief, we grant the motion.

**B.      Defendant's Motion *in Limine***

Defendant previously submitted a motion *in limine* seeking to preclude the Government from introducing evidence of her 2001 grand larceny conviction in New York state court. Defendant's prior conviction stemmed from her operation of an immigration services business and involved misconduct nearly identical to the crimes alleged in this matter. (Opp'n at 2–4 & Ex. A, 7/24/01 Hrg. Tr. at 21–26.) At oral argument on July 12, 2010, Judge Berman denied Defendant's motion. (Opp'n, Ex. B, 4/12/10 Hrg. Tr. at 4.)

In this supplemental motion, Defendant asks us to clarify Judge Berman's ruling and limit the extent to which the Government may discuss the prior conviction at trial.  Specifically, Defendant argues that allowing the Government to introduce her testimony from her 2001 plea allocution ("Testimony")—where she admits to similar criminal conduct—would be unfairly prejudicial.  (Def. Mot. at 1–3.)

Pursuant to Federal Rule of Evidence 404(b), evidence of prior crimes may not be used to prove the character of a person or the defendant's propensity for breaking the law.  Fed. R. Evid. 404(b).  Such evidence may be admissible "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*  The Second Circuit has adopted an "inclusionary approach" to this rule, allowing "evidence of other wrongs to be admitted so long as it is relevant and it is not offered to prove criminal propensity."  *U.S. v. Pipola*, 83 F.3d 556, 565–66 (2d Cir. 1996); *U.S. v. LaSanta*, 978 F.2d 1300, 1307–08 (2d Cir. 1992), abrogated on other grounds by *Florida v. White*, 526 U.S. 559, 119 S. Ct. 1555 (1999); *see also U.S. v. Taylor*, No. 09 CR 0415, 2010 WL 4963333, at *8 (S.D.N.Y. Dec. 1, 2010); *U.S. v. Lombardozzi*, No. 02 CR 0273, 2003 WL 1907969, at *3 (S.D.N.Y. Apr. 17, 2003).  Thus, before admitting Rule 404(b) evidence, we must ensure that: (1) it is being offered for a proper purpose; (2) it is relevant to a disputed issue in the case; and (3) inclusion of the evidence would not run afoul of Rule 403.  *Pipola*, 83 F.3d at 565–66; *U.S. v. Zackson*, 12 F.3d 178, 1182 (2d Cir. 1993); *LaSanta*, 978 F.2d at 1307–08; *Lombardozzi*, 2003 WL 1907969, at *3.  Under Rule 403's balancing test, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice" or other factors.  Fed. R. Evid. 403.

The Government intends to offer the Testimony, as well as testimony from one of Defendant's victims in the 2001 matter, to demonstrate Defendant's intent, knowledge and absence of mistake in committing the charged offenses. (*See* Opp'n at 6.) Defendant does not claim that the contested evidence is irrelevant, or offered for some improper purpose. Nor could she, as the Testimony and related evidence is clearly probative of these issues and falls well within the scope of Rule 404(b).

Defendant contends that while relevant, this evidence, particularly the Testimony, will be unduly prejudicial because the conduct underlying the prior conviction is so similar to the charged conduct. (Def. Mot. at 1–3.) She argues that the similarities between the 2001 case and the present case will likely cause a jury to disregard any limiting instruction and convict her based on perceived criminal propensity. (*Id.* at 3.) We disagree.

As Defendant acknowledges, Rule 404(b) evidence generally is not considered unduly prejudicial if the prior criminal activity "does not involve conduct any more sensational or disturbing than the [charged] crimes." *U.S. v. Santiago*, 199 F. Supp. 2d 101, 110 (S.D.N.Y. 2002); *see U.S. v. Pitre*, 960 F.2d 1112, 1120 (2d Cir. 1992); *Taylor*, 2010 WL 4963333, at *8. That standard is readily satisfied here, as Defendant's prior criminal activity is not more sensational or disturbing than the charged conduct: after all, it is the very same type of conduct. Defendant states that this congruity will unduly prejudice the jury, causing them to ignore any limiting instruction, but she provides no persuasive authority or explanation for this position. We are not convinced that a jury might disregard the limiting instruction we can issue on this issue. Juries are routinely trusted with following such instructions, and we see no reason to deviate from this practice or pertinent authorities under these circumstances. *See Taylor*, 2010

WL 4963333, at *8 (allowing introduction of defendant's plea allocution from prior similar offense); *Santiago*, 199 F. Supp. 2d at 110 (concluding that "the probative value of [defendant's] plea allocution outweighs the prejudicial effect that it may have").

In addition, the Government has indicated that it will not inform the jury that Defendant's 2001 testimony came from her plea allocution. (Opp'n at 6.) Rather, it plans to refer to the Testimony as "sworn statements by the defendant in a prior proceeding." (*Id.*) This reference is wholly accurate and yet potentially less confusing to a jury and less prejudicial than a reference to "plea allocution." We endorse this proposal.

In sum, we conclude that the probative value of the Testimony and related evidence of Defendant's prior conviction outweighs any potential prejudice to her. We will allow the Government to introduce this evidence. We will, of course, give the jury an appropriate limiting instruction. *See Pipola*, 83 F.3d at 566; *Lombardozzi*, 2003 WL 1907969, at *3; *see also* Fed. R. Evid. 105. The parties jointly proposed such an instruction (Request No. 45) and, absent any objections thereto at the close of evidence, we will use the instruction as submitted.

### CONCLUSION

For the reasons set forth above, we grant the Government's motion *in limine* and deny Defendant's motion *in limine*.

SO ORDERED:

Marvin E. Aspen
United States District Judge

Dated:     Chicago, Illinois
           April 12, 2011