UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | 09-cr-1153 (MEA) |
| v. ) | Hon. Marvin E. Aspen |
| ) | |
| CLOVER A. PEREZ, ) | |
| ) | |
| Defendant. ) | |

## ORDER

MARVIN E. ASPEN, District Judge:

Currently pending is Defendant Clover Perez's *pro se* motion for early termination of her supervised release. (Mot. (Dkt. No. 92).)[1]  For the following reasons, we deny her motion.

## BACKGROUND

Perez was convicted for a scheme in which she falsely told undocumented immigrants she could obtain legal status for them. *See United States v. Perez*, 523 Fed. App'x 842, 843 (2d Cir. 2013).  On April 25, 2011, after a four-day trial, a jury found Perez guilty of mail fraud, presenting false applications for immigration, failing to disclose her role as preparer of immigration applications, bank fraud, and aggravated identity theft. (*See* Judgment (Dkt. No. 66) at 1–2.) On January 27, 2012, we sentenced Perez to 121 months in custody followed by five years of supervised release for these offenses, in addition to a $500.00 special assessment fee and $541,191.00 in restitution.  (*Id.* at 3, 6.)  The Second Circuit affirmed Perez's conviction and sentence on direct appeal.  *Perez*, 523 Fed. App'x at 844.  Perez began her term of

---

[1] We gave the government until March 4, 2021 to submit a response brief and the defendant until March 25, 2021 to submit a reply brief. (January 6, 2021 Order.)  To date, neither were filed.  We did however receive a confidential memorandum from the probation department wherein probation asked that it be kept confidential and under seal.

supervised release on November 27, 2019, and is scheduled to complete it on November 26, 2024.  Perez has completed about 15 months of supervision and, as of January 2021 when we received Probation's memorandum, she has been compliant with all her conditions of supervision.

## STANDARD OF LAW

Felony probation and supervised release are governed by 18 U.S.C. § 3564(c), § 3583(e)(1), and § 3553(a).  We may, after considering § 3553(a)'s factors, terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release if we are satisfied that such action is warranted by the conduct of the defendant and in the interest of justice. See 18 U.S.C. § 3583(e)(1).  "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Sheckley*, 129 F.3d 114 (2d Cir. 1997).  But a defendant's faithful compliance with supervision's terms does not, by itself, warrant modification or termination of the term of supervised release. *See id.*; *see also United States v. Bouchareb*, 76 F.Supp.3d 478, 479 (S.D.N.Y. 2014).  A defendant is not entitled to early termination simply because she successfully served a portion of her supervised release term. *United States v. Lussier*, 104 F.3d 32 (2d Cir. 1997); *United States v. Sheckley*, 129 F.3d 114 (2d Cir. 1997).  Exceptionally good behavior on its own does not yield a "changed circumstance" to warrant early termination of supervised release. *Id.*  Courts should also consider the nine

nonbinding factors set forth in the Judicial Conference Criminal Law Committee's May 12, 2009 Memorandum.

## ANALYSIS

Perez moves for early termination on the grounds that she has completed one year of her supervisory term, been compliant with her supervision, been making her monthly restitution payments, and otherwise met the criteria for early termination.  She additionally asks for early termination so that she can mentor and advocate for incarcerated people.  Probation has informed us that Perez has made a positive adjustment to supervision thus far she has maintained steady employment as an office manager, satisfied the special assessment fee of $500, been complaint with her restitution payment schedule (defraying a total of $6,125 toward her $541,191 restitution obligation as of January 2021), and been engaged in substantial philanthropic work.

The 18 U.S.C. § 3553(a) factors weigh strongly against terminating Perez's supervised release early. We considered all these factors when we initially sentence Perez and are unpersuaded to change our initial determination.  Perez's conviction is extremely serious and amounted to over $500,000 in damages: mail fraud, presenting false applications for immigration, failing to disclose her role as preparer of immigration applications, bank fraud, and aggravated identity theft.  (*See* Judgment at 1–2.)  Most convincing at this juncture is the need to provide restitution to any victims of the offense under § 3553(a)(7).  Perez still has over $500,000 in restitution payments to be made.  Although we can terminate Perez's supervised release while still maintaining her restitution obligations, we think that maintaining her supervised release will assure timely payments of her restitution.[2]

---

[2] The Criminal Law Committee's May 12, 2009 Memorandum's considerations also weigh against Perez.  That memorandum additionally tells courts to consider the following: stable community reintegration, progressive strides toward supervision objectives and in compliance

## CONCLUSION

For the reasons discussed above, we deny Perez's motion for early termination of supervised release. (Mot. (Dkt. No. 92).) The Clerk's Office is directed to forward a copy of this Order to Probation. It is so ordered.

_Marvin E. Aspen_
Marvin E. Aspen
United States District Judge

Dated: March 26, 2021

---

with all conditions of supervision, no aggravated role in the offense of conviction, no history of violence, no recent arrests or convictions, no recent evidence of alcohol or drug abuse, no recent psychiatric episodes, no identifiable risk to the safety of any identifiable victim, and no identifiable risk to public safety. These weigh against Perez because she was convicted for an aggravated role in the offense. (*See* Judgment at 1–2.) We also find that Perez's outstanding restitution obligations overcomes Perez's argument that she has exhibited changed circumstances that warrant early termination.